UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

Civil Action No.: 08cv2540 (DC)

vs.

ABLES & HALL BUILDERS, a Kentucky General Partnership; RONNIE ABLES, DENNIS WADE ABLES and JAMES A. HALL, its General Partners,

Defendants.

**NOTICE OF REMOVAL**

ECF CASE

---

TO: THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK:

Petitioners/Defendants ABLES & HALL BUILDERS, RONNIE ABLES, DENNIS WADE ABLES and JAMES A. HALL, by their attorneys, Traflet & Fabian, file this Notice of Removal Pursuant to 28 U.S.C. §1446(a) of this action from the Supreme Court of the State of New York, County of New York, in which it is now pending, to the United States District Court for the Southern District of New York, stating as follows:

1. Ables & Hall Builders, Ronnie Ables, Dennis Wade Ables and James A. Hall are the named defendants in the matter entitled U.S. Bank National Association v. Ables & Hall Builders, et al., Index No. 600342/08, commenced in the Supreme Court of the State of New York, County of New York by the filing of a Summons and Complaint (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. This is a civil action in which Plaintiff seeks, among other things, money damages from Petitioners/Defendants for an alleged breach of contract. Based upon the allegations contained in Plaintiff's Complaint, Plaintiff seeks damages in the amount of $456,188.52, exclusive of interest and costs. Therefore, the damages at issue in this action are in excess of $75,000 as required by 28 U.S.C. §1332(a).

3. The Complaint in the State Court Action was filed with the New York County Clerk's Office on February 5, 2008. Petitioners/Defendants were served with the Summons and Complaint on February 9, 2008.

4. The Summons and Complaint represent all process and pleadings received by Petitioners/Defendants. To Petitioners/Defendants' knowledge no hearings or other proceedings have taken place in this action.

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (b) this suit involves a controversy between citizens of different states.

6. At the time the Complaint was filed, Plaintiff U.S. Bank National Association was and is now a bank organized under the laws of the United States with its headquarters in Minneapolis, Minnesota. U.S. Bank National Association does not have headquarters in any location other than Minneapolis, Minnesota.

7. At the time the Complaint was filed, defendant Ables & Hall Builders was and is now a general partnership organized under the laws of the State of Kentucky with its principal place of business in Louisville, Kentucky. Ables & Hall Builders is not

organized under the laws of any state other than Kentucky and has no principal place of business other than Louisville, Kentucky.

8. At the time the Complaint was filed, defendant Ronnie Ables was and is now a citizen of the State of Kentucky, with his residence in the State of Kentucky. Ronnie Ables is not a citizen of any state other than Kentucky and is not a resident of any state other than Kentucky.

9. At the time the Complaint was filed, defendant Dennis Wade Ables was and is now a citizen of the State of Kentucky, with his residence in the State of Kentucky. Dennis Wade Ables is not a citizen of any state other than Kentucky and is not a resident of any state other than Kentucky.

10. At the time the Complaint was filed, defendant James A. Hall was and is now a citizen of the State of Kentucky, with his residence in the State of Kentucky. James A. Hall is not a citizen of any state other than Kentucky and is not a resident of any state other than Kentucky.

11. Because Plaintiff has diverse citizenship from all Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000, the removal of this case to Federal Court is proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1441(b).

12. Petitioners/Defendants are filing this Notice of Removal within thirty (30) days of receipt by Petitioners/Defendants of the Summons and Complaint. The state court action may, therefore, be removed to this Court by Petitioners/Defendants pursuant to 28 U.S.C. §1446(b).

13. Concurrent with the filing of this Notice with the Court, Petitioners/Defendants have also provided written notice of the filing of the instant Notice to the Plaintiff through its attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. §1446(d).

14. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioners/Defendants ABLES & HALL BUILDERS, RONNIE ABLES, DENNIS WADE ABLES and JAMES A. HALL hereby give notice that the foregoing action be and hereby is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: Morristown, New Jersey
March 6, 2008

Yours, etc.

TRAFLET & FABIAN

By: ______________________
STEPHEN G. TRAFLET (ST-9654)
1001 Avenue of the Americas
11th Floor
New York, NY 10018
Tel: 212.244.6199
Fax: 212.859.7313

264 South Street
Morristown, NJ 07960
Tel: 973.631.6222
Fax: 973.631.6226
**straflet@trafletfabian.com**

OF COUNSEL:
John David Dyche
Fultz Maddox Hovious & Dickens PLC
2700 National City Tower
101 South Fifth Street
Louisville, KY 40202-3116
Tel: 502.588.2017 (Direct Dial)

Attorneys for Defendants
Ables & Hall Builders, Ronnie Ables,
Dennis Wade Ables and James A. Hall

TO: Moshe Sasson, Esq.
Sasson Blaivas LLP
488 Madison Avenue
18th Floor
New York, NY 10022
Tel: 212.949.7500

Jacob E. Miota, Esq.
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Tel: 414.271.6560

Attorneys for Plaintiff

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

---x

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

vs.

ABLES & HALL BUILDERS, a Kentucky General Partnership; RONNIE ABLES, DENNIS WADE ABLES, and JAMES A. HALL, its General Partners,

Defendants.

---x

Index No.: 600342/08

Filing Date: 2/5/08

**SUMMONS**

The basis of venue in New York County is CPLR 503(a)

NEW YORK
COUNTY CLERK'S OFFICE
FEB 05 2008
NOT COMPARED
WITH COPY FILE

TO: **ABLES & HALL BUILDERS**
**7919 ARNOLDTOWN ROAD**
**LOUISVILLE, KY 40214**

**RONNIE ABLES**
**7919 ARNOLDTOWN ROAD**
**LOUISVILLE, KY 40214**

**DENNIS WADE ABLES**
**7919 ARNOLDTOWN ROAD**
**LOUISVILLE, KY 40214**

**JAMES A. HALL,**
**7919 ARNOLDTOWN ROAD**
**LOUISVILLE, KY 40214**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the

State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
February 5, 2008

SASSON BLAIVAS LLP

[signature]

By: Moshe Sasson, Esq.
Attorneys for Plaintiff
488 Madison Avenue, 18th Floor
New York, New York 10022
(212) 949-7500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

vs.

ABLES & HALL BUILDERS, a Kentucky General Partnership; RONNIE ABLES, DENNIS WADE ABLES, and JAMES A. HALL, its General Partners,

Defendants.

Index No.: 600342/08

COMPLAINT

NEW YORK
COUNTY CLERK'S OFFICE
FEB 05 2008
NOT COMPARED
WITH COPY FILE

Plaintiff U.S. Bank National Association (the "Bank"), by its attorneys, Michael Best & Friedrich LLP and Sasson Blaivas LLP, as and for its Complaint against Defendants Ables & Hall Builders (the "Borrower") and its General Partners listed herein alleges and shows to the Court as follows:

**PARTIES**

1. U.S. Bank National Association (the "Bank") is a bank organized under the laws of the United States with its headquarters in Minneapolis, Minnesota.

2. Ables & Hall Builders, upon information and belief, is a Kentucky General Partnership organized under the laws of Kentucky.

3. Mr. Ronnie Ables, upon information and belief, is an adult resident and citizen of Kentucky and is one of the General Partners of Ables & Hall Builders.

4. Mr. Dennis Wade Ables, upon information and belief, is an adult resident and citizen of Kentucky and is one of the General Partners of Ables & Hall Builders.

5. Mr. James A. Hall, upon information and belief, is an adult resident and citizen of Kentucky and is one of the General Partners of Ables & Hall Builders.

## FACTS

6.  In 2004, the Borrower and the Bank entered into an interest rate swap transaction. In this interest rate swap transaction, the Borrower agreed to pay the Bank a monthly fixed rate of 5.07%, adding a credit spread of 2.25% on the underlying loans, for an effective rate of 7.32% per annum based upon a notional amount of $7,893,000.00. In return, the Bank agreed to pay the Borrower monthly payments at a floating, or variable, rate of the U.S. Dollar LIBOR interest rate based upon a notional amount of $7,893,000.00.

7.  The terms of the parties' mutual obligations in the interest rate swap transaction were evidenced by three documents. The first is entitled the "ISDA Master Agreement," dated June 29, 2004 ("Master Agreement") and is a standard agreement issued by International Swap Dealers Association Incorporated ("ISDA") and which is one of a series of similar forms published by the ISDA which governs almost all interest rate swap transactions in the United States. The second is entitled "Schedule to the Master Agreement" ("Schedule") dated June 29, 2004 and relates to and modifies the Master Agreement. The third is a "Confirmation" dated November 5, 2004 from the Bank to the Borrower reiterating the financial terms and procedures in the interest rate swap transaction.

8.  Pursuant to Section 11(b) of the Master Agreement and Part 3(e) of the Schedule, the interest rate swap transaction is governed by the laws of New York. The parties consented to the jurisdiction of the State Courts of New York in the Master Agreement.

9.  The interest rate swap transaction had a number of benefits for the Borrower. For example, by entering into the interest rate swap transaction, the Borrower was able to reduce its effective interest rate on $7,893,000.00 of debt from 7.70% to 7.32%. Under the interest rate swap transaction, if the LIBOR rate for any month was higher than 5.07%, the Bank would pay

the Borrower the difference in the interest rate. On the other hand, if the LIBOR rate was lower than 5.07% for any given month, the Borrower would pay the Bank. From July 2006 to November 2007, the LIBOR rate was higher than 5.07% and the Borrower therefore collected some $25,749.00 in monthly payments from the Bank. Conversely, since November of 2007, the LIBOR rate has dropped below 5.07% and the Borrower owed money to the Bank for those months. The parties agreed that if the interest rate swap transaction was terminated prior to July 1, 2014 for any reason, the interest rate swap would be "marked-to-market" and the Borrower would be a payor or a payee of the Bank, depending upon the prevailing market swap rates. By entering into the transaction, the Borrower also avoided a $59,564.00 prepayment premium which would have been due on its then fixed rate loan.

10. On January 24, 2008, the Borrower triggered an Additional Termination Event when it refinanced its underlying indebtedness to the Bank with another financial institution. Part 1(g) of the Schedule in Section 6(b)(iii)(2) of the Master Agreement provides that "as to [the Borrower] an Additional Termination Event shall occur upon termination of any agreement between [the Bank] and [the Borrower]."

11. After the above-described Additional Termination Event occurred, the Bank, pursuant to Section 6(b)(iii) of the Master Agreement, notified the Borrower and designated an early termination date of January 31, 2008. Upon termination of the interest rate swap transaction, the Bank determined a Settlement Amount of $456,188.52 owed to the Bank under Section 6(e) of the Master Agreement. Under Section 6(d)(ii) of the Master Agreement, the Borrower's payment of this amount was due two (2) business days after the date of the notice, or by February 4, 2008. However, as of the date of this Complaint, the Borrower has not paid the money owed to the Bank.

12. Pursuant to Section 6(d)(ii) of the Master Agreement, the Bank is entitled to charge interest on the money due it from the Borrower at a rate equal to the Bank's cost of funds plus 1%. Pursuant to Section 9 of the Master Agreement, the Bank also is entitled to its costs of collection, including attorneys' fees, if the Borrower does not pay.

**FIRST CAUSE OF ACTION**
**(Breach Of Contract -- Borrower)**

13. The Bank hereby realleges and incorporates Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. The Borrower triggered an Additional Termination Event pursuant to Part 1(g) of the Schedule under the interest rate swap transaction when it refinanced its underlying obligations with a different financial institution.

15. Section 6(e) of the Master Agreement provides a method for calculating the Bank's damages resulting from the Borrower's breach. Pursuant to those calculations, and as a result of the Borrower's breach, the Borrower owes the Bank $456,188.52, calculated pursuant to Section 6(e) of the Master Agreement, plus interest and attorneys' fees in collecting this money.

**SECOND CAUSE OF ACTION**
**(Breach Of Contract – General Partners)**

16. The Bank hereby realleges and incorporates Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. The General Partners are jointly and severally liable for the debts and obligations of the Borrower pursuant to Kentucky partnership law, K.R.S. §§ 362.010 *et seq*. Therefore, they each are jointly and severally liable to the Bank for the marked-to-market swap value.

WHEREFORE, Plaintiff U.S. Bank National Association demands judgment against Defendants, jointly and severely, in the amount of $456,188.52, plus contractual interest, attorneys' fees and costs and disbursements of this action, together with such further and additional relief as this Court deems just and proper.

Dated: New York, New York
February 5, 2008

**SASSON BLAIVAS LLP**
Attorneys for Plaintiff U.S. Bank National Association

By: ______________________
Moshe Sasson, Esq.
488 Madison Avenue, 18th Floor
New York, New York 10022
Phone (212) 949-7500

**OF COUNSEL:**

**Michael Best & Friedrich LLP**
Jacob E. Miota, Esq.
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108
Phone (414) 271-6560

Index No. ____________

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION,

**Plaintiff,**

vs.

ABLES & HALL BUILDERS, a Kentucky General Partnership; RONNIE ABLES, DENNIS WADE ABLES, and JAMES A. HALL, its General Partners,

**Defendants.**

----------------------------------------------------------------X

---

SUMMONS AND COMPLAINT

---

SASSON BLAIVAS LLP
*Attorneys for Plaintiff*
488 Madison, 18th Floor
New York, New York 10022
212-949-7500