UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

U.S. BANK NATIONAL ASSOCIATION,          :

                    Plaintiff,           :

        - against -                      :          **OPINION**

ABLES & HALL BUILDERS, a Kentucky        :          08 Civ. 2540 (DC)
General Partnership, and RONNIE
ABLES, DENNIS WADE ABLES, and,           :
JAMES A. HALL, its General
Partners,                                :

                    Defendants.          :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-22-08

**APPEARANCES:**        SASSON & BLAIVAS LLP
                        By: Moshe Sasson, Esq.
                        488 Madison Avenue, 18th Floor
                        New York, New York  10022
                                - and -
                        MICHAEL BEST & FRIEDRICH LLP
                        By: Jacob E. Miota, Esq.
                        100 East Wisconsin Avenue, Suite 3300
                        Milwaukee, Wisconsin  53202-4108
                        Attorneys for Plaintiff

                        TRAFLET & FABIAN
                        By: Stephen G. Traflet, Esq.
                        1001 Avenue of the Americas, 11th Floor
                        New York, New York  10018
                                - and -
                        FULTZ MADDOX HOVIOUS & DICKENS PLC
                        By: John David Dyche, Esq.
                        2700 National City Tower
                        101 South Fifth Street
                        Louisville, Kentucky  40202-3116
                        Attorneys for Defendants

**CHIN, District Judge**

        In this breach of contract case, defendants move to
dismiss plaintiff's complaint pursuant to Federal Rules of Civil
Procedure 12(b)(2), (3), and (6).  For the reasons set forth
below, defendants' motion to dismiss is denied.

## BACKGROUND

### A. The Facts

For the purposes of this motion to dismiss, the facts in the complaint are assumed to be true and are construed in the light most favorable to plaintiff.

Plaintiff U.S. Bank National Association is a bank organized under the laws of the United States with its principal place of business in Minneapolis, Minnesota. (Complaint ("Compl.") ¶ 1). Defendant Ables & Hall Builders is a Kentucky general partnership organized under the laws of the state of Kentucky, and the individual defendants are adult residents and citizens of the state of Kentucky and general partners of Ables & Hall Builders (collectively, "defendants"). (Id. ¶¶ 2-5).[1]

In June 2004, plaintiff and defendants entered into an interest rate swap transaction[2] related to a loan defendants had previously taken out from plaintiff. (Id. ¶ 6). The transaction was governed by three form agreements: the Master Agreement, dated June 29, 2004; the Schedule to the Master Agreement, dated

---

[1] At a conference held on April 1, 2008, the parties represented that complete diversity exists, and no party has claimed that this Court lacks subject matter jurisdiction.

[2] "In a swap transaction, two parties commit to exchange payment flows with each other based upon mutually agreed indices, such as interest rates or foreign exchange rates. Payments are exchanged on dates specified in the agreement. Swap agreements typically provide for the posting of collateral to secure a party's exposure and for the early termination of a swap transaction if one party's exposure grows too large, as defined by the agreements between the parties." Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co., 179 F. Supp. 2d 118, 130 n.6 (S.D.N.Y. 2000).

-2-

June 29, 2004; and a Confirmation, dated July 2, 2004 and amended

November 5, 2004 (collectively, the "Agreements"). (Id. ¶ 7).

Each of the Agreements was signed by a representative -- or a

purported representative, a point I address below -- of Ables &

Hall Builders. The following appears on the signature page of

the Master Agreement under "ABLES & HALL BUILDERS":

> By: Ables & Hall Builders
> Name: Darlene Ables [printed] Darlene Ables
> [signed]
> Title: Bookkeeper/Owner
> Date: 7/11/04

(Darlene Ables Decl., Exh. 3 at 14 (Master Agreement)). The

following appears on the signature page of the Schedule to the

Master Agreement under "ABLES & HALL BUILDERS":

> By: Ables & Hall Builders
> Name: Darlene Ables [signed]
> Title: Bookkeeper/Owner

(Darlene Ables Decl., Exh. 4 at 7 (Schedule to the Master

Agreement)). The following appears on the signature page of the

Confirmation under "Ables & Hall Builders [,] a Kentucky

Partnership":

> By: Ronnie Ables [signed]
> Title: Owner

(Jacob E. Miota Decl., Exh. A at 3 (Confirmation)).

Section 11(b) of the Master Agreement, entitled

"Jurisdiction," provides, in relevant part, as follows:

> With respect to any suit, action or
> proceedings relating to this Agreement
> ("Proceedings"), each party irrevocably:
>
> (i) submits . . . to the non-exclusive
> jurisdiction of the courts of the
> State of New York and the United

-3-

> States District Court located in
> the Borough of Manhattan in New
> York City . . . and
>
> (ii) waives any objection which it may
> have at any time to the laying of
> venue of any Proceedings brought in
> any such court, waives any claim
> that such Proceedings have been
> brought in an inconvenient forum
> and further waives the right to
> object, with respect to such
> Proceedings, that such court does
> not have any jurisdiction over such
> party.
>
> Nothing in this Agreement precludes either
> party from bringing Proceedings in any other
> jurisdiction . . . nor will the bringing of
> Proceedings in any one or more jurisdictions
> preclude the bringing of Proceedings in any
> other jurisdiction.

Section 3(e) of the Schedule to the Master Agreement, entitled "Governing Law," provides as follows: "This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to choice of law doctrine)."

On January 24, 2008, defendants refinanced their underlying debt to plaintiff with another financial institution. (Compl. ¶ 10). According to plaintiff, defendants' conduct constituted an "Additional Termination Event" under the Master Agreement. (Id.). Plaintiff notified defendants of the "Additional Termination Event" and designated an early termination date of January 31, 2008. (Id. ¶¶ 10-11). Based on a calculation set forth in the Master Agreement, plaintiff determined that defendants owed plaintiff a "Settlement Amount" of $456,188.52. (Id. ¶ 11). The Master Agreement authorizes plaintiff to charge interest on the money due at a rate equal to

-4-

plaintiff's cost of funds plus 1%. (Id. ¶ 12). It also requires defendants to pay plaintiff's costs of collection, including attorneys' fees. To date no payment has been made. (Id.).

## B. **Procedural History**

On February 5, 2008, plaintiff filed suit against defendants in New York state court, alleging breach of contract and demanding damages of $456,188.52, plus interest and attorneys' fees. On March 13, 2008, defendants removed the case to this Court under 28 U.S.C. § 1446(a).[3]

Subsequent to the filing of this action, defendants filed suit against plaintiff in the United States District Court for the Western District of Kentucky. On May 23, 2008, the District Court stayed that proceeding pursuant to the "first-to-file" rule. See Ables & Hall Builders v. U.S. Bank, N.A., No. 08 Civ. 175 (JGH), 2008 U.S. Dist. LEXIS 41284, at **5-6 (W.D. Ky. May 23, 2008).

This motion followed.

## DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted, for improper venue, and for lack of personal jurisdiction. Underlying each of the grounds for defendants' motion is an affirmative defense --

---

[3]     At the April 1, 2008 conference, counsel for plaintiff indicated that it would seek to remand this proceeding to state court. The Court set a briefing schedule requiring plaintiff to file its remand motion by April 22, 2008; no such motion was filed.

-5-

namely, that the Master Agreement, which contains the forum selection clause, is invalid because the party who purported to sign it on defendants' behalf lacked the authority to do so. I address each of defendants' grounds for dismissal, as well as their affirmative defense, seriatim.

## A. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Defendants argue that the complaint does not allege a colorable claim for breach of contract because there is, in effect, no contract. That is, they argue that the Master Agreement is invalid on the ground that the party who signed it lacked the authority to do so. If there is no contract, defendants' argument goes, there can be no breach thereof.

### 1. Applicable Law

#### (a) Rule 12(b)(6) Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept plaintiff's factual allegations as true and draw all reasonable inferences in its favor. See Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994); Miotto v. Yonkers Pub. Sch., 534 F. Supp. 2d 422, 425 (S.D.N.Y. 2008). The Court may only consider the allegations in the complaint and "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (citing Taylor v. Vt. Dep't of

-6-

Educ., 313 F.3d 768, 776 (2d Cir. 2002)); accord Int'l Audiotext Network v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal citations and quotations omitted).

In Bell Atlantic Corp. v. Twombly, the Supreme Court announced the "retirement" of the familiar "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), and adopted in its place a "plausibility" standard. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). The Second Circuit has interpreted Bell Atlantic Corp. as follows:

> [W]e believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.

Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1969). On a motion to dismiss under Rule 12(b)(6) after Bell Atlantic Corp., a district court's inquiry is whether the complaint pleads "'enough facts to state a claim for relief that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

-7-

"An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) (emphasis added); Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992) ("[W]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer."); Contractual Obligation Prods., LLC v. AMC Networks, Inc., No. 04 Civ. 2867 (HBP), 2006 U.S. Dist. LEXIS 16402, at **19-20 (S.D.N.Y. Mar. 31, 2006) (holding that "[b]ecause the [defendant's affirmative] defense of payment is not clear from the face of the complaint, [defendant's] payment argument cannot be considered at this time.").

## (b) **Elements of a Breach of Contract Claim**

The Master Agreement and the Schedule to the Master Agreement contain a choice-of-law clause providing that New York law governs the Agreements. (See Master Agreement § 11(a); Schedule to the Master Agreement § 3(e)).[4] "The elements of a breach of contract claim under New York law are as follows: (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages." O.D.F. Optronics Ltd. v. Remington

---

[4]     The Master Agreement contains a choice-of-law provision designating the law specified in the Schedule to the Master Agreement as the law to govern the Master Agreement; the Schedule designates New York as that law.

-8-

Arms Co., No. 08 Civ. 4746 (DLC), 2008 U.S. Dist. LEXIS 74482, at *21 (S.D.N.Y. Sept. 26, 2008); accord Kirk v. Heppt, 532 F. Supp. 2d 586, 594 (S.D.N.Y. 2008) (same).

## 2. **Application**

Defendants challenge the sufficiency of the complaint by asserting an affirmative defense as to the existence of an enforceable agreement. Specifically, they argue that the Master Agreement is void and unenforceable because Darlene Ables, the party who signed the Master Agreement on behalf of the general partnership, lacked the authority to do so.[5] (See Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Def. Mem.") at 10-14).

The complaint alleges the existence of an agreement. (Compl. ¶¶ 6-7). Both the Master Agreement and the Schedule to the Master Agreement[6] are signed by a party who identified herself as a "Bookkeeper/Owner" of Ables & Hall Builders. In light of these facts, I simply cannot conclude that the absence of authority "appears on the face of the complaint." Indeed, determining whether the Master Agreement is valid and enforceable

---

[5]     Defendants also assert a related claim that the Master Agreement is void under the Statute of Frauds because none of the defendants signed it. Because this claim is only tenable if the party who signed the Master Agreement lacked the authority to do so, the Court does not consider it separately from defendants' other affirmative defense.

[6]     The Court may consider the Agreements because they are incorporated by reference in the complaint and are attached as exhibits to the pleadings. See Blue Treet Hotels Inv. (Can.) Ltd., 369 F.3d at 217; Int'l Audiotext Network, 62 F.3d at 72.

-9-

would presumably require a fact-intensive inquiry into whether Ms. Ables had the actual or apparent authority[7] to bind the partnership under New York law. See Indosuez Int'l Fin. B.V. v. Nat'l Reserve Bank, 98 N.Y.2d 238, 245-46, 774 N.E.2d 696, 700-01, 746 N.Y.S.2d 631, 635-36 (2002) ("The existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal -- not the agent.") (emphasis added) (internal citations and quotations omitted); Toppel v. Marriott Int'l, Inc., No. 03 Civ. 3042 (DAB), 2006 U.S. Dist. LEXIS 60529, at *22 (S.D.N.Y. Aug. 24, 2006) ("The existence of apparent authority is a question of fact.").

Moreover, in its response to defendants' motion to dismiss, plaintiff raises the argument that, even if Ms. Ables lacked the authority to bind the partnership, the partnership's subsequent conduct constituted ratification of that agreement. (See Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss ("Pl. Br.") at 9-10). Such fact-intensive inquiries would require discovery and the issues thus may not be resolved

_____

[7] The Court notes that it is not clear from defendants' brief whether Ms. Ables had actual authority to bind the partnership. Nowhere in their brief do defendants explicitly claim that Ms. Ables lacked the authority to bind the partnership; instead, they simply claim that plaintiff has failed to allege that Ms. Ables had the requisite authority. On a motion to dismiss, however, the Court is required to draw all reasonable inferences in plaintiff's favor, and since the complaint alleges the existence of an agreement, and since a party identifying herself as a "Bookkeeper/Owner" signed the agreement, the Court may -- and hereby does -- draw a reasonable inference that the Agreements are enforceable.

-10-

on a motion to dismiss. Cf. United States v. Portrait of Wally, No. 99 Civ. 9940 (MBM), 2002 U.S. Dist. LEXIS 6445, at \*\*69-70 (S.D.N.Y. Apr. 11, 2002) (holding that "fact-intensive inquiry" required to properly consider laches defense is "often not amenable to resolution on a motion for summary judgment, let alone a motion to dismiss").

In setting forth each of the required elements for a breach of contract claim under New York law, plaintiff has alleged a colorable claim for breach of contract. See Patane, 508 F.3d at 111-12. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied.

## B. **Motion to Dismiss for Improper Forum**

Defendants move to dismiss for improper forum on two grounds. First, they argue that the Master Agreement -- and, by extension, the forum selection clause contained therein -- is invalid because the party who signed it lacked the authority to do so. As discussed above, however, that argument is rejected on this motion to dismiss. Second, defendants argue that even if the forum selection clause is valid, it should not be enforced because it would be unreasonable to force defendants, all of whom are Kentucky residents, to litigate in New York. The parties also disagree as to whether federal or New York law governs the interpretation of the forum selection clause.

-11-

## 1. **Applicable Law**

### **(a)  Rule 12 (b) (3)  Standard**

On a motion to dismiss a complaint under Rule 12(b)(3),
"the plaintiff bears the burden of establishing that venue is
proper." French Transit v. Modern Coupon Sys., 858 F. Supp. 22,
25 (S.D.N.Y. 1994). "Absent a formal hearing, a plaintiff need
only make a prima facie showing of venue to defeat the motion."
Sompo Japan Ins. Co. of Am. v. Yang Ming Marine Transp. Corp.,
No. 07 Civ. 11276 (DC), 2008 U.S. Dist. LEXIS 72858, at *21
(S.D.N.Y. Sept. 24, 2008). The Court "has to accept facts
alleged in the complaint as true and must construe all reasonable
inferences in favor of the plaintiff." Cent. National-Gottesman,
Inc. v. M.V. Gertrude Oldendorff, 204 F. Supp. 2d 675, 677
(S.D.N.Y. 2002). The Court may "consider documents referenced in
the complaint and documents that are in the plaintiff's
possession or that the plaintiff knew of and relied on in
bringing suit." Concesionaria DHM, S.A. v. Int'l Fin. Corp., 307
F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (citing Brass v. Am. Film
Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993)); Tropp v. Corp. of
Lloyd's, No. 07 Civ. 414 (NRB), 2008 U.S. Dist. LEXIS 30635, at
*36 n.77 (S.D.N.Y. Mar. 25, 2008) (holding, on motion to dismiss
under Rule 12(b)(3), Court "may also consider any documents
outside the pleadings that are relevant to the question of
venue").

## (b) The Forum Selection Clause

### (i) Governing Law

The parties appear to disagree as to whether federal or state law applies to a situation where, as here, a contract being litigated in a diversity case contains both a forum selection clause and a choice-of-law provision. Some courts have held that federal law should apply to the determination of the validity of the forum selection clause, even where a choice-of-law clause calls for the application of state law. See, e.g., Koninklijke Philips Elecs. v. Digital Works, Inc., 358 F. Supp. 2d 328, 331 (S.D.N.Y. 2005) (holding that "the validity of a contractual forum selection clause is determined by federal, not state law" even where the contract contains a choice-of-law provision designating New York as the governing law). Recently, however, the Second Circuit held that "we cannot understand why the interpretation of a forum selection clause should be singled out for application of any law other than that chosen to govern the interpretation of the contract as a whole." Phillips v. Audio Active, Ltd., 494 F.3d 378, 386 (2d Cir. 2007).[8] Here, because

---

[8]     The Second Circuit's view is in accord with several other circuits that have considered the issue. See Preferred Capital, Inc. v. Sarasota Kennel Club, Inc., 489 F.3d 303, 308 (6th Cir. 2007) (rejecting the application of federal law to the interpretation of a forum selection clause); Yavuz v. 61 MM, Ltd., 465 F.3d 418, 428 (10th Cir. 2006) ("We see no particular reason, at least in the international context, why a forum-selection clause, among the multitude of provisions in a contract, should be singled out as a provision not to be interpreted in accordance with the law chosen by the contracting parties.); Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372,

the Master Agreement and the Schedule to the Master Agreement
contain a choice-of-law provision designating New York as the
governing law, following the Second Circuit's directive in
Phillips, I will apply New York law to determine the validity of
the forum selection clause contained in the Master Agreement.

## (ii) **Enforceability of a Forum Selection Clause**

Forum selection clauses are "prima facie valid and
enforceable unless shown by the resisting party to be
unreasonable." Brooke Group v. JCH Syndicate 488, et al., 87
N.Y.2d 530, 534, 663 N.E.2d 635, 637, 640 N.Y.S.2d 479, 481
(1996); Sterling Nat'l Bank v. E. Shipping Worldwide, Inc., 35
A.D.3d 222, 222, 826 N.Y.S.2d 235, 236 (1st Dep't 2006) ("[I]t is
the well-settled 'policy of the courts of this State to enforce
contractual provisions for choice of law and selection of a forum
for litigation.'") (quoting Koob v. IDS Fin. Servs., 212 A.D.2d
26, 33, 629 N.Y.S.2d 426, 433 (1st Dep't 1995)). A party seeking
to avoid enforcement of a forum selection clause "'must show that
enforcement would be unreasonable and unjust or that the clause
is invalid because of fraud or overreaching, such that a trial in

374 (7th Cir. 1990) (Posner, J.) (noting, in dictum, that
"[v]alidity and interpretation are separate issues, and it can be
argued that as the rest of the contract in which a forum
selection clause is found will be interpreted under the
principles of interpretation followed by the state whose law
governs the contract, so should that clause be."); General Eng'g
Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356 (3d
Cir. 1986) ("We must correct the assumption that federal courts
are bound as a matter of federal common law to apply [federal
law] to forum selection clauses.").

the contractual forum would be so gravely difficult and
inconvenient that the challenging party would, for all practical
purposes, be deprived of his or her day in court.'" Fear & Fear,
Inc. v. N.I.I. Brokerage, LLC, 50 A.D.3d 185, 186-87, 851
N.Y.S.2d 311, 312 (4th Dep't 2008) (quoting British W. Indies
Guaranty Trust Co. v. Banque Internationale A Luxembourg, et al.,
172 A.D.2d 234, 234, 567 N.Y.S.2d 731, 732 (1st Dep't 1991)); see
also Stravalle v. Land Cargo, Inc., 39 A.D.3d 735, 736, 835
N.Y.S.2d 606, 607 (2d Dep't 2007) ("A contractual forum selection
clause is prima facie valid and enforceable unless it is shown by
the challenging party to be unreasonable, unjust, in
contravention of public policy, invalid due to fraud or
overreaching, or it is shown that a trial in the selected forum
would be so gravely difficult that the challenging party would,
for all practical purposes, be deprived of its day in court.").

## 2. **Application**

It is undisputed that no party resides in New York and
that none of the events giving rise to plaintiff's suit occurred
in New York. The sole basis for venue in this Court is the forum
selection clause contained in the Master Agreement. (Compl. ¶
8). Therefore, to determine if plaintiff has made a "prima facie
showing of venue," Sompo Japan Ins. Co. of Am., 2008 U.S. Dist.
LEXIS 72858, at *21, the Court must determine if the forum
selection clause is enforceable under New York law. I conclude
that it is.

-15-

The forum selection clause provides that "each party irrevocably . . . submits . . . to the non-exclusive jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City." (See Master Agreement ¶ 11(b)(i)). There is nothing ambiguous or unclear about the language of the provision that would preclude a finding that it is "prima facie valid and enforceable." Cf. Brooke Group, 87 N.Y.2d at 534, 663 N.E.2d at 637, 640 N.Y.S.2d at 481 (interpreting a forum selection clause based on the "plain meaning" of the words). "Where, as here, the parties' designation of a forum for the resolution of disputes is apparent from the face of their agreement, they will be directed to litigate before the specified tribunal." Micro Balanced Prods. Corp. v. Hlavin Indus., 238 A.D.2d 284, 285, 667 N.Y.S.2d 1, 2 (1st Dep't 1997).

Defendants argue that the forum selection clause should not be enforced because doing so would be "unreasonable under the circumstances." Specifically, they argue that "[t]rial in New York will be so difficult, expensive, and inconvenient for the defendants, all of whom are domiciled in Kentucky, that they will be effectively deprived of their day in court." (Def. Mem. at 17). Defendants' concerns about defending this action in this Court simply do not meet the heavy burden required under New York law to prevent enforcement of a valid forum selection clause. See Fear & Fear, Inc., 50 A.D.3d at 186-87, 851 N.Y.S.2d at 312 (holding that a party can only resist enforcement upon a showing

-16-

that "a trial in the contractual forum would be <u>so gravely</u> <u>difficult and inconvenient that the challenging party would, for</u> <u>all practical purposes, be deprived of his or her day in court</u>") (emphasis added) (internal citation and quotations omitted).

Indeed, in <u>Chiarizia v. Xtreme Rydz Custom Cycles</u>, the Fourth Department rejected inconvenience and economic hardship as a basis for voiding a forum selection clause "because defendant's motion is based on the parties' contract and not on the doctrine of forum non conveniens." 43 A.D.3d 1353, 1354, 842 N.Y.S.2d 117, 118 (4th Dep't 2007). Although defending this case in New York might be difficult for defendants, I cannot conclude that it would "so gravely difficult and inconvenient" that it would be tantamount to depriving them of their day in court. <u>See</u> <u>Fear &</u> <u>Fear, Inc.</u>, 50 A.D.3d at 186-87, 851 N.Y.S.2d at 312; <u>accord</u> <u>Zuckerman v. Laurel</u>, No. 08 Civ. 3913 (NRB), 2008 U.S. Dist. LEXIS 74373, at *6 (S.D.N.Y. Sept. 22, 2008) ("Although a trial in Maine would be more difficult for plaintiffs [New York residents], it certainly would not effectively deprive them of their day in court."). Defendants freely signed an agreement to enter into a sophisticated financial transaction with a significant amount of money at stake, and they should be bound by the terms of the agreement they signed. <u>See</u> <u>Guerra v. Astoria</u> <u>Generating Co., L.P.</u>, 8 A.D.3d 617, 618, 779 N.Y.S.2d 563, 564 (2d Dep't 2004) ("A party that signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it.").

Defendants argue that the Second Circuit's recent decision in Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007), compels this Court to grant their motion to dismiss. (See Def. Mem. at 15-17). Phillips, however, is of no help to defendants. In Phillips, the plaintiff had filed suit in the Southern District of New York on a claim arising out of a recording contract. The defendants moved to dismiss on the ground that the forum selection clause in the recording contract required the parties to litigate all claims exclusively in England. See Phillips, 494 F.3d at 381-82. In other words, the defendants in Phillips were seeking to enforce the forum selection clause that provided that litigation be brought exclusively in England. Here, defendants do not seek to enforce the forum selection clause, but rather seek to have this case dismissed notwithstanding the existence of a permissive forum selection clause that explicitly provides that venue here is proper. Phillips, therefore, does not compel dismissal here.[9] Cf. CFirstClass Corp. v. Silverjet PLC, 560 F. Supp. 2d 324, 326-27 (S.D.N.Y. 2008) (applying Phillips where plaintiff brought

---

[9]     Defendants also argue that Bank of America, N.A. v. Hensley Properties, LP, requires this Court to grant defendants' motion to dismiss because that case involved the same form Master Agreement and Judge Marrero dismissed it on the ground that the forum selection clause was unenforceable. See Bank of Am., N.A. v. Hensley Props., LP, 495 F. Supp. 2d 435, 438 (S.D.N.Y. 2007). That case, however, is similarly distinguishable. There the defendant alleged, and the plaintiff did not dispute, that the defendant had never received a copy of the Master Agreement containing the forum selection clause. See id. No such allegation has been made here, and plaintiff vigorously disputes defendants' argument that the Master Agreement is unenforceable. (See Pl. Br. at 7-10).

-18-

suit in Southern District of New York and defendants moved to dismiss on ground that forum selection clause required parties to litigate exclusively in England).

Because I conclude that the forum selection clause contained in the Master Agreement is valid and enforceable, I hold that plaintiff has met its prima facie burden of proving that the chosen forum is appropriate. Defendants' motion to dismiss for improper forum is therefore denied.

## C. **Motion to Dismiss for Lack of Personal Jurisdiction**

Defendants move to dismiss for lack of personal jurisdiction on the ground that none of the defendants has had sufficient contacts with New York to provide this Court with personal jurisdiction over them. Defendants also argue that even if the Court had jurisdiction over the general partnership through the forum selection clause, personal jurisdiction over the general partnership does not confer personal jurisdiction over the general partners.

### 1. **Applicable Law**

#### (a) **Rule 12(b)(2) Standard**

On a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff "'bears the burden of establishing that the court has jurisdiction over the defendant.'" Maersk, Inc. v. Neewra, Inc., 554 F. Supp. 2d 424, 440 (S.D.N.Y. 2008) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)). When the Court rules on such a motion based only on the complaint and

-19-

pleadings -- i.e., without holding an evidentiary hearing -- the plaintiff "need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). The Court must construe all evidence in the light most favorable to plaintiff and may, if necessary, look beyond the complaint and pleadings. See Sandoval v. Abaco Club, 507 F. Supp. 2d 312, 315 (S.D.N.Y. 2007). "In diversity cases arising in this Circuit, personal jurisdiction is determined by the law of the state in which the district court sits, which in this case is New York." DiStefano, 286 F.3d at 84; see also Chloe v. Queen Bee of Beverly Hills, LLC, No. 06 Civ. 3140 (RJH), 2008 U.S. Dist. LEXIS 58651, at *6 (S.D.N.Y. Aug. 1, 2008) ("'The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located.'") (quoting Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006)).

## (b) Effect of a Forum Selection Clause on a Court's Analysis of a 12(b)(2) Motion

Where an agreement contains a valid and enforceable forum selection clause, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process. See Koninklijke Philips Elecs., 358 F. Supp. 2d at 333 ("A valid forum selection clause establishes sufficient contacts with New York for purposes of jurisdiction and venue."); ICC Indus. v. Isr. Disc. Bank, Ltd., No. 04 Civ. 6945 (DC), 2005 U.S. Dist. LEXIS 45293, at

-20-

\*\*12-13 (S.D.N.Y. July 29, 2005) ("A clause in which parties consent to a given jurisdiction 'satisfies constitutional requirements of due process, and will be enforced unless it would be unreasonable or unjust to do so.'") (quoting <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Frasch</u>, 751 F. Supp. 1075, 1078 (S.D.N.Y. 1990)); <u>Farrell Lines v. Columbus Cello-Poly Corp.</u>, 32 F. Supp. 2d 118, 127 (S.D.N.Y. 1997) ("It is well-settled that jurisdiction by consent satisfies constitutional principles of due process.") (internal citation and quotations omitted).

## 2. **Application**

It is undisputed that none of the defendants resides in New York, and plaintiff has not claimed that it served defendants with process in New York or that defendants conduct any business in New York. The sole basis for this Court's jurisdiction, then, appears to be the forum selection clause. As discussed above, the forum selection clause contained in the Master Agreement is valid and enforceable under New York law. That fact alone is sufficient to provide this Court with jurisdiction over the defendants under New York law. See <u>CV Holdings, LLC v. Bernard Tech., Inc.</u>, 14 A.D.3d 854, 854, 788 N.Y.S.2d 445, 446 (3d Dep't 2005) ("It is well settled that 'parties to an agreement may consent to submit to the jurisdiction of a court [that] would otherwise not have personal jurisdiction over them.'") (quoting <u>Dine-A-Mate Inc. v. J.B. Noble's Restaurant</u>, 240 A.D.2d 802, 803, 658 N.Y.S.2d 510, 511 (3d Dep't 1997)); <u>Sterling Nat'l Bank v. E. Shipping Worldwide, Inc.</u>, 35 A.D.3d 222, 222, 826 N.Y.S.2d 235,

236 (1st Dep't 2006) ("[T]he very point of forum selection clauses, which render the designated forum convenient as a matter of law, is to avoid litigation over personal jurisdiction.") (internal citations and quotations omitted); Nat'l Union Fire Ins. Co. v. Worley, 257 A.D.2d 228, 231, 690 N.Y.S.2d 57, 59 (1st Dep't 1999) ("[B]y agreeing to the forum selection clause in the indemnity agreement, defendant specifically consented to personal jurisdiction over her in the courts of New York and thereby waived any basis to dispute New York's jurisdiction.").

Defendants also argue that, even if this Court has jurisdiction over the general partnership pursuant to the forum selection clause, it does not have jurisdiction over the general partners. In support of their argument, defendants cite Falik v. Smith, in which the court observed that "[e]ven if the court had jurisdiction over Smith Associates [the general partnership], this would not necessarily convey jurisdiction over its general partner Smith." 884 F. Supp. 862, 866 (S.D.N.Y. 1995). Falik is inapposite to this case. In Falik the general partnership was not named as a defendant, and thus the court's statement was merely dictum. Moreover, the court in Falik only cited a Ninth Circuit case, Sher v. Johnnson, 911 F.2d 1357 (9th Cir. 1990), to support its position, and that case is inconsistent with New York law. The Ninth Circuit appeared to premise its holding in Sher on its conclusion that "while each partner is generally an agent of the partnership for the purpose of its business, he is not ordinarily an agent of his partners." 911 F.2d at 1366. Under

-22-

New York law, however, "a partner is, in fact, an agent of his fellow partners, as well as of the partnership." Durkin v. Shea, 957 F. Supp. 1360, 1366 (S.D.N.Y. 1997) (distinguishing Sher from New York cases); accord Friedson v. Lesnick, No. 91 Civ. 2133 (JSM), 1992 U.S. Dist. LEXIS 2773, at *5 (S.D.N.Y. Mar. 6, 1992) ("Under New York law, each general partner acts as the agent of every other general partner and of the partnership.").

The dictum in Falik notwithstanding, it is well-settled under New York law that where a court has personal jurisdiction over a general partnership, it also has personal jurisdiction over the general partners. See Afloat in Fr., Inc. v. Bancroft Cruises Ltd., No. 03 Civ. 917 (SAS), 2003 U.S. Dist. LEXIS 18703, at *14 (S.D.N.Y. Oct. 20, 2003) (New York law) ("Where a court has personal jurisdiction over a partnership, either because of the partnership's activities as a whole or the actions of a single partner acting on behalf of the partnership, the court has personal jurisdiction over all of the general partners."); Wichita Federal Sav. & Loan Ass'n v. Comark, 586 F. Supp. 940, 943 (S.D.N.Y. 1984) ("New York case law establishes that non-resident general partners may properly be sued in the courts of this state as a result of forum activities of a partnership.").

Because this Court has personal jurisdiction over the defendants pursuant to the valid and enforceable forum selection clause, defendants' motion to dismiss for lack of personal jurisdiction is denied.

-23-

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied. Defendants shall answer the complaint within twenty days hereof. The Court will hold a pre-trial conference on November 24, 2008 at 11:00 a.m. in Courtroom 11A.

SO ORDERED.

Dated:     New York, New York
           October 27, 2008

                              DENNY CHIN
                              United States District Judge